THE STATE, EX REL. TAYLOR ET AL., APPELLEES, *v.* LEASE ET AL., APPELLANTS.

(No. 347—Decided May 11, 1957.)

Mr. *Thomas Spellberger,* Mr. *Forrest Bacon* and Mr. *Harold D. Roth,* for appellees.

Mr. *Harry W. Frick* and Mr. *Carl A. Williams,* for appellants.

MIDDLETON, P. J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Seneca County, Ohio.

Plaintiffs seek a peremptory writ of mandamus to require the Seneca County Board of Education to make an equitable division of funds and indebtedness between the districts involved and incident to the transfer of the Eden Local School District of Seneca County to the Wyandot County School District. The

trial court granted a peremptory writ, and from this order appeal is prosecuted to this court.

There is no dispute as to the facts. The Eden Board of Education of Seneca County, on June 21, 1956, filed with the Seneca County Board of Education a petition requesting that the Seneca County Board of Education transfer the Eden Local School District from the Seneca County school system to the Wyandot County school system.

On June 27, 1956, the Seneca County Board of Education passed a resolution transferring certain territory of the Eden Local School District to Wyandot County. This resolution was published in accordance with Section 3311.27, Revised Code.

The Wyandot County Board of Education, on July 3, 1956, by resolution, accepted the transfer of the territory from Seneca County. This resolution was published by the Wyandot County Board of Education in accordance with Section 3311.27, Revised Code.

On July 5, 1956, the Board of Education of Wyandot County filed maps of the territory transferred with the auditors of Wyandot and Seneca Counties, in accordance with Section 3311.23, Revised Code.

On August 2, 1956, a remonstrance petition was filed with the Seneca County Board of Education. On August 4, 1956, the Seneca County Board of Education determined that the petition of remonstrance was insufficient in that it did not contain a sufficient number of signers, and that it, therefore, failed.

On August 4, 1956, the board of education, after determining that the remonstrance had failed, passed a resolution rescinding its former resolution of June 27, 1956. No publication of this resolution was made under Section 3311.27, Revised Code.

There are but two questions presented by the facts of this case. First, did the Board of Education of Seneca County have the authority and power to rescind their former resolution of June 27, 1956, transferring Eden Local School District from Seneca County to Wyandot County? Second, is mandamus the proper remedy?

Section 3311.23, Revised Code, provides:

"If a county board of education deems it advisable to trans-

fer a part or all of the territory comprising a local school district within the county school district to an adjoining county school district or to an adjoining city or exempted village school district, such transfer may be made by the county board of education by the adoption of a resolution providing for such transfer. Such a transfer shall not take effect if, within thirty days after the filing of the map showing boundaries as required by paragraph (C) of this section, a majority of the qualified electors residing in the territory transferred voting at the last general election file with the county board of education a written remonstrance against such transfer. A county board of education may accept a transfer of territory from another county school district or from a city or exempted village district and annex such territory to a contiguous local school district of the county school district.

"* * *

"Upon the adoption by a county board of education, as authorized by this section, of a resolution transferring territory to another county school district or to a city or exempted village school district such county board of education shall, forthwith, submit a copy of such resolution to the clerk of the board of education of the county, city, or exempted village school district to which the territory is transferred. Such transfer of territory shall not be complete until:

"(A) A resolution accepting the transfer has been passed by a majority vote of the full membership of the board of education of the county, city, or exempted village school district to which the territory is transferred;

"(B) An equitable division of the funds and indebtedness between the districts involved has been made by the county board of education making the transfer;

"(C) A map showing the boundaries of the territory transferred has been filed, by the board of education accepting the transfer, with the county auditor of each county affected by the transfer.

"When such transfer is complete the legal title of the school property in the territory transferred shall be vested in the board of education of the school district to which the territory is transferred."

All acts required to be taken pursuant to the above section were taken by the Board of Education of Seneca County and the Board of Education of Wyandot County prior to the resolution rescinding the resolution of June 27, except the making of the division of funds and indebtedness provided for by subsection (B) of Section 3311.23, Revised Code. Except for such division of funds and indebtedness, the transfer was complete.

In the opinion of this court, upon the adoption of the resolution transferring the Eden Local School District from Seneca County and the acceptance of such transfer by the Board of Education of Wyandot County, the publication of the notices required by Section 3311.27, Revised Code, and the filing of the required maps with the auditor of each county affected by the transfer, the Seneca County Board of Education was without any authority to rescind the resolution of transfer, in the absence of the filing of a remonstrance by a majority of the qualified electors residing in the territory transferred, as set forth in Section 3311.23, Revised Code.

It is urged by the appellants that the Seneca County Board of Education retained control of the transfer and the right to rescind its prior action to transfer the territory, until it had made a division of the funds and indebtedness between the districts involved. They cite the case of *State, ex rel. Owen et al.,* v. *Carroll County Board of Education,* 129 Ohio St., 262, 194 N. E., 867, in which case the right of the board of education to rescind its resolution to establish a new district was upheld under the circumstances existing in that case. The cited case concerned the creation of a new district by the merger of two entire districts in the same county. No division of funds and indebtedness was involved. No other school board was involved, and the action to rescind was adopted before any further steps had been taken subsequent to the resolution to establish a new district. It is at once observed, on reading the cited case, that it is readily distinguished from the case at bar.

As heretofore stated, after the filing of the map with the county auditors of the two counties involved there remained nothing to be done by the board of education of either county except the division of funds and indebtedness by the Board of Education of Seneca County between the districts involved in

such transfer of territory. It is clearly the purpose and intent of Section 3311.23, Revised Code, to require a board of education to make a division of funds and indebtedness between the districts involved. The duty on the part of a board of education to make such apportionment is mandatory. The manner in which such apportionment is made rests in the discretion of the board of education, but the making of such division is not a matter resting in the discretion of the board. To make the provisions of the above section effective it must be so interpreted and applied.

Mandamus is defined by Section 2731.01, Revised Code, as follows:

"Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station."

Mandamus extends to all cases of neglect or refusal to perform a legal duty where there is no other adequate remedy. It applies to ministerial acts as well as judicial and requires the exercise of official duties, discretion or judgment, without any direction of the manner in which it shall be exercised.

The law imposes upon a board of education a duty to make a division of funds and indebtedness but not the manner in which it makes such division.

The duty imposed upon the Board of Education of Seneca County is ministerial, and mandamus directs the specific act to be performed. The discharge by the board of education of its duty is necessary to complete the transfer of territory involved in this action, and the relators had no other adequate remedy.

We therefore hold that mandamus is a proper remedy in this case and that the relators are entitled to the remedy as prayed for. The judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

YOUNGER and GUERNSEY, JJ., concur.